1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM VERA,                              Case No.  1:23-cv-00380-HBK (PC)

12                    Plaintiff,                 ORDER TO SHOW CAUSE WHY THE
                                                 COURT SHOULD NOT DISMISS THIS
13           v.                                  ACTION FOR LACK OF JURISDICITION[1]

14    XAVIER BECERRA and JEFFREY                 (Doc. No.  1)
      BEARD,
15                                               JULY 31, 2023, DEADLINE
                      Defendants.
16

17           Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights

18    complaint filed under 42 U.S.C. § 1983 by William Vera—a state prisoner.  (Doc. No. 1,

19    "Complaint").  For the reasons set forth below, the undersigned finds the Court lacks jurisdiction

20    for this action.

21                               **SCREENING REQUIREMENT**

22           A plaintiff who commences an action while in prison is subject to the Prison Litigation

23    Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief

24    against a governmental entity, its officers, or its employees before directing service upon any

25    defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

26    dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon

27    _____

28    [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
      (E.D. Cal. 2022).

1   which relief may be granted, or if it seeks monetary relief from a defendant who is immune from

2   such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3       At the screening stage, the court accepts the factual allegations in the complaint as true,

4   construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v.*

5   *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

6   2003). The Court's review is limited to the complaint, exhibits attached, and materials

7   incorporated into the complaint by reference, and matters of which the court may take judicial

8   notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ.

9   P. 10(c).  A court does not have to accept as true conclusory allegations, unreasonable inferences,

10  or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

11  1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

12  basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

13      The Federal Rules of Civil Procedure require only that a complaint include "a short and

14  plain statement of the claim showing the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).

15  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

16  factual detail to allow the court to reasonably infer that each named defendant is liable for the

17  misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

18  572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

19  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

20  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

21  required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

23  to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

24  2009) (internal quotation marks and citation omitted).

25      If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant

26  is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v.*

27  *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d

28  245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how

1  to cure the defects.  Such advice "would undermine district judges' role as impartial

2  decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131

3  n.13.  Further, the Court need not provide an opportunity to amend where any amendment would

4  be futile, or the deficiencies cannot be cured.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

5  1995); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

6  ## SUMMARY OF THE COMPLAINT

7  Plaintiff is currently a state prisoner incarcerated in Kern Valley State Prison and a native

8  of Mexico.  (Doc. No. 1 at 6).   Plaintiff filed the instant Complaint against the "Attorney General

9  of California"[2] and the "Secretary of the C.D.C."[3] seeking to have his immigration hold lifted and

10  his removal cancelled.  (*Id*. at 13).  Plaintiff claims that "[t]he deportation/removal proceedings

11  attach new substantial legal consequences" to his "legal proceedings" including his "appeal."

12  Plaintiff argues he is entitled to relief from both his immigration hold and removal proceedings,

13  citing to this Court's alleged "authority to cancel removal [under] 8 U.S.C. 1229(b)."  (*Id*. at 8).

14  Plaintiff addresses, *inter alia*, the applicability of the Immigration and Nationality Act and the

15  Immigrant Reform and Immigrant Responsibility Act and sets forth various reasons why he

16  believes he is entitled to remain in the United States.  (*Id*.).  Although the Complaint is not the

17  model of clarity, the undersigned cannot discern any claims brought under the U.S. Constitution

18  or federal laws for which this Court has jurisdiction to grant the relief Plaintiff seeks, the

19  cancellation of an order of removal.

20  ## APPLICABLE LAW AND ANALYSIS

21  Although filed as civil rights complaint pursuant to 42 U.S.C. § 1983, Plaintiff seeks a

22  cancellation of his removal order under 8 U.S.C. § 1229(b).  While Plaintiff indicates a detainer

23  has been lodged against him, he does not state any grounds for challenging the detainer order itself.

24  An immigration detainer is a request to another law enforcement agency that the Department of

25

26  [2] The Complaint identifies Xavier Becerra as the Attorney General of California.  (Doc. No. 1 at 1, 4).  Mr. Becerra was the former Attorney General of California.  On March 18, 2021, he was confirmed as the U.S. Secretary of Health and Human Services.

27  [3] The Complaint identifies Jeffrey A. Beard as the "Secretary of the C.D.C."  (Doc. No. 1 at 4). Mr. Beard served as the Secretary of the California Department of Corrections and Rehabilitation from December

28  2012 to January 2016 and, thus, is no longer the Secretary of CDCR.

Homeland Security ("DHS") seeks custody of an alien presently in the custody of the agency for the purpose of DHS arranging to obtain custody of the alien prior to release by that agency. 8 C.F.R. § 287.7; *see also Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("A detainer usually serves only as a notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future.").

The REAL ID Act, 8 U.S.C. § 1252(a)(5), specifies that the exclusive method for obtaining judicial review of a final order of removal is to file a petition for review in the Court of Appeals. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007) ("The REAL ID Act changed the statutory regime . . . by eliminating all district court habeas jurisdiction over orders of removal." (internal citations omitted)). Here, Vera is allegedly subject to an ICE detainer and potential removal and is seeking federal judicial intervention to preclude its enforcement. Under the REAL ID Act, Vera must pursue judicial review of his removal order in the Court of Appeals—not via a civil rights complaint in the federal district court. *See id.* ("Congress' clear intent [was] to have all challenges to removal orders heard in a single forum (the courts of appeals) [.]" (citations omitted)). Thus, to the extent Vera is attempting to preemptively litigate any defense to future removal proceedings, this Court lacks jurisdiction to address his claims. *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . .").

In sum, Vera's claims are not cognizable in a § 1983 action in this Court. Section 1252 permits very limited judicial review of ICE orders and decisions. *See* 8 U.S.C. § 1252 (stating which orders are reviewable and listing requirements to seek judicial review); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of ICE's "decision or action to commence proceedings, adjudicate cases, or execute removal orders"). For all these reasons, this Court is without jurisdiction to entertain Vera's claims and the Complaint should be dismissed for lack of jurisdiction. If Vera has a final order of removal

and the Board of Immigration Appeals has denied his application for cancellation of removal under 8 U.SC. § 1229(b), then Plaintiff must seek relief in the Ninth Circuit Court of Appeals for further review of his removal, not in this Court.

Accordingly, it is **ORDERED**:

1. **No later than July 31, 2023**, Plaintiff shall deliver a response to this Order to Show Cause and explain why the Court shall not dismiss this case for lack of jurisdiction.

2. If Plaintiff concedes this Court lacks jurisdiction, he may file a Notice of Voluntary Dismissal Under Rule 41(a)(1), sign and dated, since no defendant has been served by the same date.

3. If Plaintiff fails to timely respond to this Order to Show Cause, the Court may dismiss this action for lack of jurisdiction.

Dated:    July 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE