UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERA, | Case No. 1:23-cv-00380-HBK (PC) |
| Plaintiff, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE[1] |
| XAVIER BECERRA and JEFFREY BEARD, | 14-DAY DEADLINE |
| Defendants. | |

Plaintiff William Vera is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action due to lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on March 14, 2023. (Doc. No. 1). Plaintiff is currently a state prisoner incarcerated in Kern Valley State Prison and a native of Mexico. (*Id*. at 6). Plaintiff filed the instant Complaint against the "Attorney General of California"[2] and the "Secretary of the C.D.C."[3] seeking to have his

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The Complaint identifies Xavier Becerra as the Attorney General of California. (Doc. No. 1 at 1, 4). Mr. Becerra was the former Attorney General of California. On March 18, 2021, he was confirmed as the U.S. Secretary of Health and Human Services.

[3] The Complaint identifies Jeffrey A. Beard as the "Secretary of the C.D.C." (Doc. No. 1 at 4). Mr. Beard

1  immigration hold lifted and his removal cancelled.  (*Id*. at 13).  Plaintiff claims that "[t]he
2  deportation/removal proceedings attach new substantial legal consequences" to his "legal
3  proceedings" including his "appeal."  (*Id*. at 6).  Plaintiff argues he is entitled to relief from both
4  his immigration hold and removal proceedings, citing to this Court's alleged "authority to cancel
5  removal [under] 8 U.S.C. 1229(b)."  (*Id*. at 8).  Plaintiff addresses, *inter alia*, the applicability of
6  the Immigration and Nationality Act and the Immigrant Reform and Immigrant Responsibility
7  Act and sets forth various reasons why he believes he is entitled to remain in the United States.
8  (*Id*.).  The undersigned cannot discern any claims brought under the U.S. Constitution or federal
9  laws for which this Court has jurisdiction to grant the relief Plaintiff seeks, including the
10 cancellation of an order of removal.

11      On July 5, 2023, the Court issued an Order to Show Cause, directing Plaintiff to show
12 cause why this matter should not be dismissed for lack of subject matter jurisdiction.  (Doc. No.
13 8).  After the Court granted two extensions of time, (Doc. Nos. 10, 12) Plaintiff filed a response.
14 (Doc. No. 13).  In his response, Plaintiff asks the court to exercise its "discretionary jurisdiction"
15 under the "prudential standing doctrine."  (*Id*. at 1).  Plaintiff does not cite any authority
16 supporting his claim that this Court has jurisdiction to cancel an order of removal.

17                            **APPLICABLE LAW AND ANALYSIS**
18      **A.  Legal Standard**
19      The Court is required to *sua sponte* inquire whether it has proper subject matter
20 jurisdiction of a case.  "Federal courts are courts of limited jurisdiction."  *Home Depot U.S.A.,*
21 *Inc. v. Jackson*, 587 U.S. ⸺, 139 S.Ct. 1743, 1745 (2019) (citations omitted).  Article II, § 2 of
22 the Constitution delineates "the character of the controversies over which federal judicial
23 authority may extend."  *Id*. (citations omitted).  "And lower federal-court jurisdiction 'is further
24 limited to those subjects encompassed within a statutory grant of jurisdiction.'"  *Id*.
25   ////
26   ////
27  ─────────────────────────────
28 served as the Secretary of the California Department of Corrections and Rehabilitation from December 2012 to January 2016 and, thus, is no longer the Secretary of CDCR.

**B.  This Court Lacks Jurisdiction to Address Plaintiff's Claims**

Although filed as a civil rights complaint pursuant to 42 U.S.C. § 1983, Plaintiff seeks a cancellation of his removal order under 8 U.S.C. § 1229(b). As the Court previously advised Plaintiff, the REAL ID Act, 8 U.S.C. § 1252(a)(5), specifies that the exclusive method for obtaining judicial review of a final order of removal is to file a petition for review in the Court of Appeals. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007) ("The REAL ID Act changed the statutory regime . . . by eliminating all district court habeas jurisdiction over orders of removal." (internal citations omitted)).

Here, Vera is allegedly subject to an ICE detainer and potential removal and is seeking federal judicial intervention to preclude its enforcement. Under the REAL ID Act, Vera must pursue judicial review of his removal order in the Court of Appeals—not via a civil rights complaint in the federal district court. *See id*. ("Congress' clear intent [was] to have all challenges to removal orders heard in a single forum (the courts of appeals) [.]" (citations omitted)). Thus, to the extent Vera is attempting to preemptively litigate any defense to future removal proceedings, this Court lacks jurisdiction to address his claims. *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . .").

Vera's claims are therefore not cognizable in a § 1983 action in this Court. In his response to the Court's July 5, 2023 Order to Show Cause, Plaintiff fails to provide any authority to the contrary. Section 1252 permits very limited judicial review of ICE orders and decisions. *See* 8 U.S.C. § 1252 (stating which orders are reviewable and listing requirements to seek judicial review); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of ICE's "decision or action to commence proceedings, adjudicate cases, or execute removal orders"). For all these reasons, this Court is

without jurisdiction to entertain Vera's claims and the Complaint should be dismissed for lack of jurisdiction. If Vera has a final order of removal and the Board of Immigration Appeals has denied his application for cancellation of removal under 8 U.SC. § 1229(b), then Plaintiff must seek relief in the Ninth Circuit Court of Appeals for further review of his removal, not in this Court.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice based on the Court's lack of subject matter jurisdiction.

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE